UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MARTIN, and
DARLENE MARTIN,

        Plaintiffs,                         Case Number 16-11075

v.                                                 Honorable David M. Lawson

WANDA LOWE, TRACI MAUPINS, PAUL
MCPHERSON, RENIKA MCQUEEN,
KRISTIN POTTER, KEONA SMITH, ARUN
KULKARNI, PENNIE LOTT, KELLY
MCDONNELL, EARL FISHER, DANITRA
CALLINGTON, BRIANNA SHARP, GETTY
MARGARET, KATHERINE HAMMONS,
VINCENT E. PERNELL, SAMANTHA
MASON, and MICHAEL NELSON,

        Defendants.
_____/

## **PROTECTIVE ORDER**

Pursuant to the stipulation of the parties [dkt. #45],

It is **ORDERED** that:

1.     All documents referenced in this order are subject to the restrictions in this protective order. The plaintiff's counsel and counsel for co-defendant Pernell may obtain a copy of the Critical Incident Report and accompanying video from June 22, 2014 involving plaintiff Darlene Martin. However, the plaintiff's counsel will provide a medical release for the information as the Report contains information regarding medical records of plaintiff Martin.

2.     The documents shall be subject to this protective order, due to security and safety concerns of the MDOC surrounding the security of a state prison, prison staff, visitors and the general public, and prisoners themselves within the prison.

3. The documents may be reviewed only by the plaintiff's counsel, the co-defendant's counsel, any expert retained by the plaintiff's or co-defendant's counsel, and the plaintiff's counsel's and the defendants' counsel's staff. If the plaintiff's or co-defendant's counsel desires to show the documents to any witnesses to this action, they must contact counsel for the MDOC defendants, Wanda Lowe, Traci Maupins, Paul McPherson, Renika McQueen, Kristin Potter, Keona Smith, Arun Kulkarni, Pennie Lott, and Kelly McDonnell, and attempt to gain concurrence. If concurrence cannot be obtained, the plaintiff reserves the right to file a motion seeking a modification of this protective order with the Court allowing the documents to be shown to those individuals. The documents covered by this protective order shall not be released publically. If any party intends to file the documents with the Court, the parties will confer in advance.

4. No copies of the documents are to be made by the parties or their representatives. The documents shall not be shown, provided to, or otherwise published to any prisoner, former prisoner, or any other person not employed by the plaintiff's counsel or co-defendant's counsel, absent further Order of this Court.

5. The documents may be used by the plaintiff's and co-defendant's counsel solely for the purposes of this proceeding. They may not be disseminated to or kept by any witness other than an expert. Any expert[s] shall be bound by this Protective Order.

6. At the conclusion of this case, the documents shall be returned to defense counsel, Cori E. Barkman, Assistant Attorney General (or her successor), for disposition by the Department of Corrections. The documents may or may not be admissible as evidence at trial, but may be discoverable since discovery may include inadmissible documents.

7. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in this or any civil case pursuant to this section must file an serve a motion that sets forth:

(i) The authority for sealing;

(ii) An identification and description of each item proposed for sealing;

(iii) The reason that sealing each item is necessary;

(iv) The reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and

(v) A memorandum of legal authority supporting the seal.

(*See* E.D. Mich. LR 5.3). The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant.

8. If the documents are made an exhibit to any deposition, then any portions of the deposition transcript discussing the documents shall be covered by the terms of this protective order.

                                                s/David M. Lawson  
                                                DAVID M. LAWSON  
                                                United States District Judge

Dated: June 15, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 15, 2016.

                s/Susan Pinkowski
                SUSAN PINKOWSKI